Mohammed v. Garland
BIA
Straus, IJ
A208 310 248

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-one.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

FUSSEINI MOHAMMED,
> *Petitioner,*

v.                                                          **19-66**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[*]

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR PETITIONER:**        Joshua Bardavid, Esq., New York, NY.

**FOR RESPONDENT:**      Anthony C. Payne, Assistant Director; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fusseini Mohammed, a native and citizen of Ghana, seeks review of a December 13, 2018 decision of the BIA affirming an October 30, 2017 decision of an Immigration Judge ("IJ"), which denied Mohammed's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), on the grounds that Mohammed's statements were not credible. *In re Fusseini Mohammed*, No. A 208 310 248 (B.I.A. Dec. 13, 2018), *aff'g* No. A 208 310 248 (Immig. Ct. Hartford Oct. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency may rely on both omissions and inconsistencies in making an adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency's credibility determination was clearly supported by substantial record evidence. Specifically, the agency reasonably relied on the following inconsistencies or omissions in concluding that Mohammed was not credible: (1) Mohammed completely omitted from his interview with border patrol agents that he was beaten by a mob and detained for two days after being caught kissing his boyfriend; (2) although he stated during his border interview and in his asylum application that he had received threatening text messages, he

3

testified that he did not receive such messages; (3) he stated at his border interview that he tried to speak to the leader of the people threatening him, but disavowed that statement during his hearing; (4) he provided inconsistent statements about when he first considered coming to the United States; and (5) although he testified that he was a shopkeeper, his children's birth certificates listed him as a civil servant or social worker.

Mohammed challenges only the agency's reliance on his omission of his sexual orientation and does not deny or seek to explain away these other inconsistencies and omissions.[1] But the omission of his sexual orientation is significant. *See Hong Fei Gao*, 891 F.3d at 79 (holding that "discrepancies . . . must be weighed in light of their significance to the total context of . . . [the] claim of persecution"). And even absent that omission, his other inconsistent statements – particularly his irreconcilable asserations about whether he was beaten or instead received threatening text messages – provide distinct accounts of key events, bolstering the agency's findings. *See Ramsameachire*, 357 F.3d at 182; *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer

---

[1] Although we have cautioned against reliance on airport or border interviews as a basis for an adverse credibility determination because they "take[] place immediately after an alien has arrived in the United States, often after weeks of travel, and may be perceived by the alien as coercive or threatening, depending on the alien's past experiences," Mohammed does not dispute the reliability of the record. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).

a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).  The agency also reasonably relied on Mohammed's failure to rehabilitate his testimony with sufficient corroborating evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

In sum, the agency's adverse credibility determination is supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 165–67.  The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).  Accordingly, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5